1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MILORAD OLIC,                              No.  2:16-cv-2128-KJM-EFB P

12                    Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   R. CHACON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defendants move for summary judgment (ECF No. 20), arguing that plaintiff

19   failed to exhaust his administrative remedies before filing this suit.  Plaintiff has filed an

20   opposition (ECF No. 23) and defendants have filed a reply (ECF No. 28).  For the reasons stated

21   hereafter, defendants' motion must be granted.

22                              Legal Standards

23          I.      Summary Judgment

24          Summary judgment is appropriate when there is "no genuine dispute as to any material

25   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

26   judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

27   to the determination of the issues in the case, or in which there is insufficient evidence for a jury

28   to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

1

(1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures.  Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own.  When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

1    which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance,

2    summary judgment must be granted, "so long as whatever is before the district court demonstrates

3    that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at

4    323.

5           To defeat summary judgment the opposing party must establish a genuine dispute as to a

6    material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that

7    is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at

8    248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

9    will properly preclude the entry of summary judgment."). Whether a factual dispute is material is

10   determined by the substantive law applicable for the claim in question. *Id.* If the opposing party

11   is unable to produce evidence sufficient to establish a required element of its claim that party fails

12   in opposing summary judgment. "[A] complete failure of proof concerning an essential element

13   of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S.

14   at 322.

15          Second, the dispute must be genuine. In determining whether a factual dispute is genuine

16   the court must again focus on which party bears the burden of proof on the factual issue in

17   question. Where the party opposing summary judgment would bear the burden of proof at trial on

18   the factual issue in dispute, that party must produce evidence sufficient to support its factual

19   claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

20   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit

21   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

22   for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to

23   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

24   that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

25   477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

26          The court does not determine witness credibility. It believes the opposing party's

27   evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;

28   *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the

3

1  proponent must adduce evidence of a factual predicate from which to draw inferences. *American*

2  *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

3  dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at

4  issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

5  Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is

6  some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could

7  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

8  trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant

9  summary judgment.

10         II.    Exhaustion

11         The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action

12  shall be brought with respect to prison conditions under section 1983 . . . or any other Federal

13  law, by a prisoner confined in any jail, prison, or other correctional facility until such

14  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA

15  applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is

16  only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S.

17  731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be

18  capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v.*

19  *Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

20         Dismissal for failure to exhaust should generally be brought and determined by way of a

21  motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at

22  1168. Under this rubric, the defendant bears the burden of demonstrating that administrative

23  remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If

24  defendant carries this burden, then plaintiff must "come forward with evidence showing that there

25  is something in his particular case that made the existing and generally available administrative

26  remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the

27  face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

28  /////

                                          4

Analysis

2          Plaintiff alleges that defendants Chacon and Rainey violated his Eighth Amendment rights

3    by subjecting him to excessive force.  ECF No. 1 at 3.  Defendants state that plaintiff filed only

4    one administrative appeal regarding those allegations, numbered HDSP-15-02945.  ECF No. 20-1

5    at 2; ECF No. 20-2 at 13-25.  That appeal was partially granted at the first and second levels of

6    review.  ECF No. 20-2 at 13-16.  The appeal was rejected at the third and final level of review,

7    however, pursuant to California Code of Regulations, title 15, section 3084.6(b)(7) for missing

8    supporting documents – specifically the CDCR Form 1858 Rights and Responsibility Statement.[1]

9    *Id.* at 50.  This rejection, occurring on June 1, 2016, advised plaintiff that he could correct his

10   appeal and resubmit it.  *Id.*  Plaintiff resubmitted his appeal on June 14, 2016.  *Id.* at 34.  Then, on

11   August 8, 2016, the resubmitted appeal was again rejected for failure to include supporting

12   documents – this time both the 1858 form and a Crime/Incident Report.  *Id.* at 36.  As before, the

13   rejection invited plaintiff to resubmit the appeal with the proper supporting documentation.  *Id.*

14   Defendants state that there is no record evidence that plaintiff resubmitted the grievance after the

15   August rejection, however, and HDSP-14-02945 remains rejected.  ECF No. 20-1 at 7; ECF No.

16   20-2 at 30 ¶17, 33-34.

17          For his part, plaintiff does not argue that other, relevant appeals exist.  Instead, he claims

18   that "Chief Vo[o]ng of CDCR appeals" prevented him from exhausting his appeal at the third

19

20          [1] Under Cal. Code Regs. tit. 15, § 3084.9(i) "any appeal alleging misconduct by a
     departmental peace officer . . . shall be accompanied by the subsection 3391 Rights and
21   Responsibility Statement" which reads as follows:

22                  You have the right to make a complaint against a police officer [this
                    includes a departmental peace officer] for any improper police [or
23                  peace] officer conduct. California law requires this agency to have a
                    procedure to investigate citizen's [or inmates'/parolees'] complaints.
24                  You have a right to a written description of this procedure. This
                    agency may find after an investigation that there is not enough
25                  evidence to warrant action on your complaint; even if that is the case,
                    you have the right to make the complaint and have it investigated if
26                  you believe an officer behaved improperly. Citizen [or
                    inmate/parolee] Complaints and any reports or findings relating to
27                  complaints must be retained by this agency for at least five years.

28   Cal. Code Regs. tit. 15, § 3391(d).

1  level of review. ECF No. 23 at 1. First, he argues that the 1858 form should have been (but was

2  not) provided by the staff that interviewed him in connection with the claims in his grievance. *Id.*

3  at 2. Second, plaintiff states that the declaration of Custody Appeals Coordinator M. Chappuis,

4  which was submitted in support of defendants' motion, is untrue. *Id.* Plaintiff contends that

5  Chappuis' declaration "that [an] 1858 form can be found in any building on the yard is not true

6  but then again I never have been in any of those buildings." *Id.* at 2. Third, plaintiff argues that,

7  in the appeal rejections, Voong failed to either provide an 1858 form with the rejection or explain

8  where the form could be procured. ECF No. 23 at 2. Fourth, he points to the fact that

9  defendants' own exhibits prove that he submitted 1858 forms in conjunction with other appeals.

10 ECF No. 23 at 2-3; ECF No. 20-2 at 52, 54. It stands to reason, he contends, that if he submitted

11 these forms in other appeals, he would not have failed to do so in this case unless the form were

12 unavailable to him. ECF No. 23 at 2-3. Finally, he states that the procedure for inmates housed

13 in administrative segregation – as he was – was for all forms to be provided once a week. *Id.* at 3.

14 He claims that the 1858 form was not so provided. *Id.* He also claims that he requested a visit to

15 the law library on an unspecified date, but was transferred before he was permitted to do so. *Id.*

16 Plaintiff characterizes the failure to provide him with a form as a deliberate attempt to prevent

17 him from administratively exhausting his claims. *Id.*

18      Plaintiff's argument that the form 1858 was not available to him is unpersuasive. As a

19 threshold matter, defendants have carried their burden of demonstrating that administrative

20 remedies were not exhausted. Thus, the burden of demonstrating the unavailability of those

21 remedies belongs to plaintiff. *See Albino*, 747 F.3d at 1172. The court notes that each of the third

22 level rejections advised plaintiff that, "[i]f necessary, you may obtain copy(ies) of requested

23 documents by sending a request with a signed trust withdrawal form to your assigned counselor."

24 ECF No. 20-2 at 36, 50. In fact, the second rejection contained this advisement twice. *Id.* at 36

25 ("If you need assistance obtaining the necessary document, you may seek assistance from your

26 Correctional Counselor."). In his opposition, plaintiff failed to provide argument or evidence that

27 /////

28 /////

6

he ever attempted to avail himself of this resource.[2]  He subsequently filed an unauthorized[3]

surreply titled "letter re: opposition" wherein he vaguely addressed the issue:

> Instead of Chief Vo[o]ng providing this form to me, he redirects it to
> [a] counselor that doesn't have any forms.  On top of that, I only saw
> him once for [a] UCC hearing.  Although I contacted him several
> times through mail he never replied.

ECF No. 31 at 2.  This conclusory assertion is insufficient to carry his burden of showing

unavailability.  *See Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)

(holding that conclusory allegations are insufficient to defeat a motion for summary judgment).

Plaintiff does not identify when he contacted his counselor, nor does he state that he followed the

procedure actually identified by Voong in the first Third Level rejection – submitting "a request

with a signed trust withdrawal form to your assigned counselor."  ECF No. 20-2 at 50.

Based on the foregoing, the court cannot conclude that the form, and by extension his

administrative remedies, was actually unavailable.  This is not an instance, despite plaintiff's

protestations to the contrary, where prison officials constructed "an administrative scheme . . . so

opaque that it becomes, practically speaking, incapable of use."  *Ross v. Blake*, 136 S. Ct. 1850,

1859 (2016).  The rejection forms clearly described what document was missing and offered a

resource for procuring it.  And the court cannot overlook the fact that plaintiff was given two

opportunities to attempt to secure the form by way of the channel Voong identified.  It may be, as

plaintiff argues in his opposition, that even if he had obtained the form it still would have been an

administrative "dead end" insofar as the form would not be signed by the "person in charge."

ECF No. 23 at 3.  It may also be that, even if he had submitted a signed trust withdrawal from to

---

[2] Defendants have provided the declaration of Correctional Counselor E. Takehara who states that, even while plaintiff was housed at the Department of State Hospitals facility from May 12, 2016 to October 18, 2016, he had access to an assigned correctional counselor.  ECF No. 28 at 10-11.

[3] Defendants object to that surreply and correctly argue that the local rules do not provide for such a filing.  ECF No. 32.  Nonetheless, in light of plaintiff's pro se status and out of an abundance of caution, the court considers its content.

The court declines, however, to consider the subsequent letter from plaintiff (ECF No. 33) wherein he states his intent to report defendants' counsel to the state bar and again reiterates his contention that he exhausted, to the extent he was able, his administrative remedies.

his counselor, that individual would have declined to provide the form. It was incumbent upon plaintff, however, to try to exhaust. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *see also Albino v. Baca*, 697 F.3d 1023, 1035 (9th Cir. 2012), *rev'd on reh'g en banc*, *Albino*, 747 F.3d at 1162. (holding that an inmate must make a good faith effort to exhaust a prison's administrative remedies).

Conclusion

Based on the foregoing, it is RECOMMENDED that:

1.  Defendants' motion for summary judgment (ECF No. 20) be GRANTED;

2.  All outstanding motions be denied as moot; and

3.  This action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 4, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE